## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONTAVIUS BERRY, | |
| Plaintiff, | |
| v. | 1:14-cv-3832-WSD |
| ERIC SELLERS, SGT. MOORE, PHILLIPS STATE T.C., and PHILLIPS TRANSITION CENTER, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [5] ("R&R"). The R&R recommends dismissal of this action for failure to comply with a lawful order of the Court. Also before the Court is Plaintiff Dontavius Berry's ("Plaintiff") Amended Complaint [7] and application for leave to proceed *in forma pauperis* [8] ("IFP Application").

## I.      BACKGROUND

On November 3, 2014, Plaintiff filed his Complaint [1] and request for permission to proceed IFP [2]. On December 3, 2014, the Magistrate Judge ordered Plaintiff to submit an amended complaint within fourteen (14) days, and denied without prejudice Plaintiff's incomplete IFP Application. The Magistrate

Judge ordered Plaintiff either to pay the required filing fee or to submit a complete IFP application within fourteen days.  The Magistrate Judge directed the Clerk to send Plaintiff a copy of the Court's Section 1983 complaint form and a non-prisoner IFP affidavit form.  Plaintiff failed to submit an amended complaint or complete IFP Application within the time period allowed by the Magistrate Judge.

On December 30, 2014, the Magistrate Judge issued his R&R, recommending dismissal of this action for failure to comply with a lawful order of the Court under Local Rule 41.3(A)(2).

On January 5, 2015, Plaintiff filed his Amended Complaint and IFP Application.  In his Amended Complaint, Plaintiff alleges that, on February 3, 2014, while he was incarcerated at the Phillips State Transition Center, a fellow inmate, Sean Phillips, cut Plaintiff's neck with a box cutter.  (Compl. at 3).  Plaintiff sustained a severe physical injury that required stitches, a CAT scan, and a prescription for pain medication.  Plaintiff states that, on February 5, 2014, he was "shipped to Phillips State Prison" and was placed in "Involuntary Protective Custody."  (Id. at 3-4).  Plaintiff states that the staff did not provide him his pain medication.  (See id.).  Plaintiff alleges that his injury caused him severe pain when swallowing.  (Id. at 4).  He claims that his injury would not have occurred had Defendants Phillips State Transition Center and its Warden, Eric

2

Sellers ("Defendants"), "follow[ed] proper security procedure."  (Id.).[1]

Plaintiff seeks $150,000 for medical expenses, "psychological & physical damage" and "permanently injured."  (Id.).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

The Court, in light of Plaintiff's *pro se* status, exercises its discretion to consider Plaintiff's Amended Complaint and IFP Application.  Because the Court

---

[1]   Plaintiff also alleges that, on March 25, 2014, he was transferred to Hays State Prison, where, on June 3, 2014, he was stabbed while in the custody of the Department of Corrections.  (Compl. at 4).

3

considers Plaintiff's Amended Complaint and IFP Application, the Court declines to adopt the Magistrate Judge's R&R.

After consideration of plaintiff's affidavit of indigency, Plaintiff's IFP Application is granted, and Plaintiff shall be allowed to proceed with this action without prepayment of docket costs or United States Marshal Service fees. Because Plaintiff  proceeds *in forma pauperis*, the Court must conduct the required frivolity review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."
Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Amended Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se*

complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  <u>Osahar v. U.S. Postal Serv.</u>, 297 F. App'x 863, 864 (11th Cir. 2008).

Plaintiff purports to bring this action under 42 U.S.C. § 1983.  Plaintiff alleges that he suffered severe physical injuries while he was incarcerated, and that his injuries were a result of Defendants' failure to follow proper security protocols. "A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." <u>Farmer v. Brennan</u>, 511 U.S. 825, 844-45 (1994) (internal quotations and citations omitted).  Officials responsible for prison inmates may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by failing to take reasonable measures to abate it.  <u>Id.</u> at 828.  A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk."  <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1358 (11th Cir. 2003).  "It is not, however, every injury suffered by one prisoner at

the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. "Within [a prison's] volatile 'community,' prison administrators are to take all necessary steps to ensure the safety of . . . the prison staff[ ] and administrative personnel. . . . They are [also] under an obligation to take reasonable measures to guarantee the safety of the inmates" as well. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). The Eleventh Circuit has, however, "stress[ed] that a prison custodian is not the guarantor of a prisoner's safety." Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313 (11th Cir. 2005) (internal quotation marks omitted). "Only [a] prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment." Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014) (internal quotation marks omitted). "In order to state a § 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to a constitutional stature." Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982).

Here, Plaintiff fails to state a Section 1983 claim of deliberate indifference because he does not allege that prison officials had a conscious or callous indifference to his rights, or that prison officials knew of a substantial risk of

serious harm to Plaintiff.  Plaintiff alleges only that prison officials failed to follow proper security procedures.  This allegation is insufficient to state a claim of deliberate indifference under Section 1983.

In light of Plaintiff's *pro se* status, the Court, in its discretion, will allow Plaintiff a final opportunity to amend his complaint to state a viable claim under Section 1983.  Plaintiff is required to file, on or before April 15, 2016, a Second Amended Complaint.  Failure to comply with this Order will result in dismissal of this action pursuant to Local Rule 41.3(A)(2).  The Court will not grant Plaintiff any further opportunities to amend.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ADOPT** Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [5].

**IT IS FURTHER ORDERED** that Plaintiff shall file, on or before April 15, 2016, a Second Amended Complaint.  Failure to comply with this Order will result in dismissal of this action pursuant to Local Rule 41.3(A)(2).  The Court will not grant Plaintiff any further opportunities to amend.

**SO ORDERED** this 28th day of March, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE